## EATON & PRINCE CO. v. WADSWORTH.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1904.)

No. 1,041.

1. PATENTS—INVENTION—SAFETY-BRAKE FOR ELEVATORS.

The Eaton, Prince, and Livesey patent, No. 347,778, for a safety-brake for elevators, claim 6, is void for lack of invention.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 125 Fed. 120.

Frank F. Brown, for appellant.

Thomas F. Sheridan, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge. This is an appeal from a decree adjudging that there was no equity in appellant's bill for infringement of claim 6 of letters patent No. 347,778, August 24, 1886, to appellant's assignors. The claim is as follows:

"(6) In an elevator safety-brake, the combination, with an expansible ball-governor, of a trigger located relatively to the governor, substantially as shown, whereby said trigger is operated directly by contact therewith of the governor-balls, essentially as specified."

Small (No. 228,284, June 1, 1880) had shown, in an elevator safety-brake, the combination of an expansible ball-governor and a trigger that was operated by the centrifugal pull of the governor-balls through a sliding sleeve on the governor shaft. The only thought that appellant's assignors added to Small's disclosure was this: It would be an improvement to replace the continuous pull by repeated blows upon the trigger, for thus the braking-mechanism would more promptly and surely be put into action. In guarding against excessive speed of water wheels (Bahme, No. 61,381, January 22, 1867) and of steam engines (Ripp & Mueller, No. 226,553, April 13, 1880), the hammer-action of the balls of expansible ball-governors had been used to trip triggers. This sixth claim, therefore, is for the act of substituting in Small's elevator safety-brake the Ripp & Mueller hammer-action for Small's sliding sleeve as the means for actuating the trigger; and falls, we think, within the no-invention class, of which several examples from decisions of the Supreme Court were collated in Wisconsin Compressed Air House Cleaning Co. v. American Compressed Air Cleaning Co., 125 Fed. 761, 60 C. C. A. 529.

Appellant's contention that the Bahme and Ripp & Mueller references are too remote we deem not well founded. Claim 6 departs from Small only with respect to the action of the ball-governor upon the trigger, and any one who desired to make the change would naturally look to the "governor" art.

The decree is affirmed.